IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| FEX, INC. | § | CASE NO. 10-33843-H5-11 |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |
| WASHINGTON/SHEPHERD PARTNERS, LTD. | § | |
| Movant | § | |
| | § | |
| v. | § | |
| | § | |
| FEX, INC. D/B/A CREW HEALTH & FITNESS | § | |
| Respondent | § | |

**MOTION OF WASHINGTON/SHEPHERD PARTNERS, LTD.
FOR RELIEF FROM AUTOMATIC STAY**

*************************************************************************

THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE.  IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEASE TWO (2) DAYS BEFORE THE HEARING.  IF YOU FILE YOUR RESPONSE LESS THAN FIVE (5) DAYS BEFORE THE HEARING, YOU MUST SEND A COPY TO THE MOVANT BY FACSIMILE, BY HAND OR BY ELECTRONIC DELIVERY.  IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING.  EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS MATTER ON July 7, 2010**, AT 9:00 A.M.,** IN **COURTROOM #403**, IN THE UNITED STATES BANKRUPTCY COURT, 515 RUSK, 4TH FLOOR, HOUSTON, TEXAS.
*************************************************************************
TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

WASHINGTON/SHEPHERD PARTNERS, INC. ("WASHINGTON"), a landlord, creditor and party in interest in the above entitled and numbered cause, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 4001 for an Order terminating the automatic stay in order to permit it to take all steps necessary to obtain possession of and enforce its remedies in the nonresidential Leased Premises described herein in accordance with applicable law and, in support thereof, would respectfully show the Court as follows:

**Factual Background**

1. This Chapter 11 case was commenced by Debtor FEX, INC. ("Debtor") on or about May 4, 2010 ("Petition Date").

2. Prior to the Petition Date, on or about March 21, 2007, Debtor entered into a Lease Agreement with Washington/Shepherd Partners, Ltd. ("Lease") in order to lease approximately 12,000 square feet of lease space located 4820 Washington Ave., Houston, Harris County, Texas ("Leased Premises") for a period of one-hundred twenty (120) months, with a Commencement Date of January 31, 2008. A copy of the Lease and amendments thereto are attached hereto as Exhibit "A" and incorporated herein for all purposes.

3. The base monthly rental is $17,500.00 per month, plus associated lease charges, totaling approximately $23,760.00 per month.

4. Debtor is still occupying the Leased Premises; however, as of the date of the filing of this Motion for Relief, Tenant has failed to pay base monthly post petition rent for the month of June 2010 with respect to the Leased Premises.

**Cause Exists to Terminate the Automatic Stay**

5. Washington seeks to terminate the automatic stay in order to permit it to obtain possession of Leased Premises in order to proceed with its rights under state law.

7. The bankruptcy court "shall" lift the automatic stay for "cause." 11 U.S.C. §362(d)(1).   See *In re Tuscon Estates, Inc*. 912 F.2d 1162, 1166 (9th Cir. 1990) ; *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986) ; *In re MacDonald,* 755 F.2d 715, 717 (9th Cir. 1985); In re *Davis*, 91 B.R. 470, 471 (Bankr. N.D. Ill. 1988).

8. "Cause" is not defined in the Bankruptcy Code and is determined on a case-by-case basis.  *Castlerock.,* 781 F.2d at 163 ("Because there is no clear definition, cause is determined on a case-by-case basis."); *Tucson Estates*,912 F.2d at 1166 ("Cause' has no clear definition and is determined on a case-by-case basis ... "); *MacDonald*,755 F.2d at 717. The automatic stay should be terminated to permit BMS Management to enforce its interest in Leased Premises for cause, including lack of adequate protection as discussed below.

9. 11 U.S.C. §365(d)(3) provides, in pertinent part:

> The trustee shall timely perform all the obligations of the debtor...arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

As stated above, Debtor has failed to pay post petition base rental on the Leased Premises. No post petition payments have been paid to Washington and the June payment was due June 1, 2010.

10. If the automatic stay is not terminated, Washington will suffer detrimental harm as it is no longer receiving rental payments on the Leased Premises. Thus, "cause" exists under 11 U.S.C. §362(d)(1) to terminate the automatic stay.

11. The automatic stay should also be terminated pursuant to 11 U.S.C. Section 362(d)(2) because the Debtor lacks equity in the Leased Premises and it is not necessary for an effective reorganization. Thus, cause exist under 11 U.S.C. §362(d)(2)(A) and (B) to terminate the automatic stay.

12. Washington further requests that the fourteen (14)-day stay period otherwise imposed by Fed. R. Bankr. P. 4001(3) shall not be applicable to the order terminating the automatic stay in this matter.

WHEREFORE, Washington requests that the Court

(a) enter an order terminating the automatic stay to permit it to take all steps necessary to obtain possession of and enforce its remedies in the Leased Premises in accordance with applicable law;

(b) enter an order that the fourteen (14)-day stay period otherwise imposed by Fed. R. Bankr. P. 4001(3) shall not be applicable to any order terminating the automatic stay in this matter; and

(c) grant such other and further relief as is just and proper.

DATED: June 9, 2010

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: /s/ *Darla C. Carlisle*
DARLA C. CARLISLE
State Bar No. 24031792
Eleven Greenway Plaza
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341

ATTORNEYS FOR WASHINGTON/SHEPHERD PARTNERS, LTD.

## AFFIDAVIT OF CONFERENCE

The undersigned spoke with Margaret M. McClure, counsel for the Debtor on June 8, 2010, who stated she is opposed to this motion.

/s/ *Darla C. Carlisle*

_____

DARLA C. CARLISLE

## CERTIFICATE OF SERVICE

On June 9, 2010, I hereby certify that a true and correct copy of the foregoing Motion for Relief from Stay has been served via electronic mail and/or by first class regular mail, postage prepaid, to the parties set forth below:

U.S. TRUSTEE:
Christine A. March
Office of the U. S. Trustee
515 Rusk, 3rd Floor, Suite 3516
Houston, Texas 77002

DEBTOR'S COUNSEL:
Margaret Maxwell McClure
Attorney at Law
909 Fannin, Suite 3810
Houston, Texas 77010

/s/ *Darla C. Carlisle*

_____

DARLA C. CARLISLE